In the matter of the probate of the last will and testament of
FREDERICK F. COLEMAN, deceased.

[Submitted November term, 1917.   Decided March 4th, 1918.]

1. The finding of a lunacy commission as to the mental state of the testator is not conclus.ve, but only. *prima facie* evidence of the facts found, and may be overcome by satisfactory evidence.

2. Under the evidence in this case *held* that the testator possessed. the mental capacity requisite to make a valid will.

3. Where a citation was duly served upon a person interested in the probate of a will, and that person signed a consent to the probate which waived any objection thereto, and afterwards made application to be heard in opposition thereto, a ruling that, as that person had made default on the first day of the hearing and not offered sufficient legal excuse therefor, she would be permitted to participate in the probate proceedings from thence on, but that the testimony before then taken should stand without any right on her part to recall the witnesses for cross-examination, was reasonable and within the proper exercise of sound discretion.

On appeal from a decree of the ordinary admitting to probate in the prerogative court the last will and testament of Frederick F. Coleman, deceased, reported in *88 Eq. 284.*

*Mr. Thomas Herbert Brown* and *Mr. C. Russell Rogers,* for the appellant.

*Messrs. Wicoff & Lanning* and *Messrs. Durand, Ivins & Carton,* for the respondent.

The opinion of the court was delivered by

KALISCH, J.

The grounds of appeal relied on by counsel for appellant, in the brief, may be summarized thus:   1. That the proponents failed to sustain the burden of proof in establishing that the testator, at the time he made his will, was legally competent to make it, because three weeks before the testator's death a lunacy

commission found the testator to be *non compos mentis* and without lucid intervals for seventeen months prior thereto, and that, therefore, the will having been made by the testator at a time embraced within the period of the seventeen months, was invalid. 2. That the ordinary refused to permit the appellant, caveatrix, to cross-examine proponents' witnesses and thereby violated a fundamental right of the contestant, and deprived her of the right of cross-examination of such witnesses, upon the merits of the case.

The facts are fully set out in the opinion of the ordinary. The learned ordinary very properly held that the finding of the lunacy commission as to the mental state of the testator was not conclusive but only *prima facie* evidence of the facts found and may be overcome by satisfactory evidence of capacity at the time the will was made.

An examination of the testimony discloses that there was plenary proof that the testator possessed the required mental capacity to make a valid will, at the time he made and executed the will in question.

We concur in the finding and reasoning of the ordinary upon the merits of the case.

As to the refusal of the ordinary to permit the appellant to recall witnesses for the purpose of cross-examination, we think, upon the facts as they appear, there was no abuse of discretion in denying the appellant's request.

The situation alluded to arose out of the following facts: Upon application of counsel for proponents, the ordinary ordered probate of the will in solemn form, on December 11th, 1916, and citations were issued returnable on January 9th, 1917, and on which latter date the hearing was begun.

Prior thereto, on December 7th, 1916, one of the counsel for proponent requested a Mr. Messler, a reputable business man of Trenton, to obtain the appellant's address, so that she could be served with citation, and to offer her $1,000 to waive contest of the will. On December 9th, Messler saw her, and the appellant signed a consent to the probate of the will and waived any objection that she "might or could raise against the same." The sheriff served the citation upon the appellant. As has been

stated, the hearing began on January 9th and witnesses were examined. The appellant did not appear. The case was adjourned to January 16th, but no testimony was taken, and the case was again adjourned to January 23d, when an application was made on behalf of the appellant, to be heard in opposition to probate, whereupon the ordinary ruled that since the appellant had made default in appearing on the first day of the hearing, and not having offered a sufficient legal excuse therefor, she would be permitted to participate in the probate proceedings from thence on, but that the testimony already taken shall stand without any right on the part of the appellant to recall the witnesses for cross-examination.

It does not appear that any fraud was practiced on the appellant to prevent her from attending the hearing. From aught that appears she absented herself voluntarily. She was aware of the day set for the hearing and deliberately remained away.

The ordinary very properly held her in default and allowed her entrance into the case upon the terms above stated. It is to be observed that the terms of the order did not prevent the appellant from calling the witnesses as her own. What the appellant lost through her default was the right to recall the witnesses for cross-examination.

We think, therefore, the terms imposed by the ordinary on the appellant for her laches were reasonable and within the proper exercise of sound discretion.

The decree of the prerogative court admitting the will to probate is affirmed.

*For affirmance*—GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—13.

*For reversal*—None.